UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| ROSE MARIE MEADOWS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV425-219 |
| | ) | |
| PAM OVERSTREET, and | ) | |
| LEIGH HALE, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Rose Marie Meadows filed a Complaint alleging that that she was discriminated against during her employment. *See* doc. 1 at 4-5. The Court screened her Complaint, pursuant to 28 U.S.C. §°1915(e)(2), and found that it failed to state a claim upon which relief may be granted. Doc. 7. However, it afforded Plaintiff an opportunity to file an Amended Complaint. *Id.* at 4-5. She has filed an Amended Complaint; however, it contains the same fatal defects as her original pleading. *See* doc. 8. Therefore, it should be dismissed.

As the Court previously explained, doc. 7 at 1-2, "[f]ailure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under [Federal Rule of Civil

1

Procedure] 12(b)(6)." *Wilkerson v. H & S, Inc.*, 366 F. App'x 49, 51 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).  To avoid dismissal, plaintiff's pleadings must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The pleadings cannot rest merely on an "unadorned, the-defendant-unlawfully-harmed-me accusation," *id.*, and the facts offered in support of the claims must rise to a level greater than mere speculation, *see Twombly*, 550 U.S. at 555.  Stated otherwise, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  *Id.* at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

The allegations in Meadows' Amended Complaint are, like the allegations in her first Complaint, extremely limited and conclusory.  She has checked several boxes on the form employment discrimination complaint, indicating her claims are brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment

Act of 1967 ("ADEA"), the Americans with Disabilities Act of 1990 ("ADA"), and "[o]ther federal law," though she does not specify which federal law. Doc. 8 at 3. She alleges a "wrongful termination," and that she was discriminated against on the basis of race, color, gender/sex, age, and disability. *Id.* at 4. However, in the section of the form complaint which prompts the plaintiff to allege the specific facts underlying her claim, she states only "my dates on file with court EEOC & unemployment papers." *See id.* at 4-5; *see also id.* at 6 ("I file w EEOC I gave yal [sic] documents."). She has also failed to request any particular relief. *Id.* at 5-6. In the section of the form provided to specify relief, she states, in unedited form: "I was wrongful terminated. I notice alot of Black didn't get second chances I Have a list of names of who got terminated that's Black NO Warning NO write up just Fired." <u>Id. at 5.</u>

As before, in the absence of any substantive factual allegation in the Complaint it clearly fails to state any claim upon which relief can be granted. *Cf. Jordan v. Atlanta Public Schools*, 2022 WL 3698372, at *1 (11th Cir. Aug. 26, 2022) (leniency afforded to *pro se* pleadings "does not give a court license to . . . rewrite an otherwise deficient pleading in order to sustain an action." (citation omitted)). Additionally, despite explicit

instruction from the Court that neither Title VII, nor the ADA, nor the ADEA provides for individual liability at all, *see* doc. 7 at 3-4, Plaintiff has named as the sole Defendant the individual, Pam Overstreet.  Doc. 8 at 1-2.  She has, therefore, failed to identify any defendant subject to her claims.  *See, e.g.*, *Albra v. Advan, Inc.*, 490 F.3d 826, 830 (11th Cir. 2007) ("[I]ndividual liability is precluded for violations of the ADA's employment discrimination provision."); *Udoinyion v. The Guardian Security*, 440 F. App'x 731, 734 (11th Cir. 2011) (affirming dismissal of individual defendants "because both Title VII and the ADA require that suits be brought only against employer-entities, not persons in their individual capacities."); *see also Smith v. Lomax*, 45 F.3d 402, 403 n. 4 (11th Cir.1995) (individuals "cannot be held liable under ADEA or Title VII"); *Griswold v. Ala. Dept. of Indus. Relations*, 903 F. Supp. 1492, 1496-97 (M.D. Ala. 1995) (dismissing individual capacity ADEA claims against individual supervisors).   Plaintiff's Amended Complaint should, therefore, be **DISMISSED**, for its failure to state a claim upon which relief may be granted.  28 U.S.C. §°1915(e)(2)(B)(ii).

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B)

and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 13th day of May, 2026.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

5