**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

ROSE MARIE MEADOWS,

      Plaintiff,

      v.

PAM OVERSTREET; and LEIGH HALE,

      Defendants.

CIVIL ACTION NO.: 4:25-cv-219

**O R D E R**

Presently before the Court is Plaintiff Rose Marie Meadows's request that the Court reconsider its dismissal of her case. (Doc. 13.) For the reasons that follow, the Court **DENIES** Plaintiff's Motion for Reconsideration. (Id.)

The Court screened Plaintiff's original Complaint pursuant to 28 U.S.C. §1915(e)(2) and found that it failed to state a claim upon which relief may be granted. (Doc. 7.) In response, Plaintiff filed an Amended Complaint. (Doc. 8.) It contained the same limited and conclusory allegations as the original pleading, so the Magistrate Judge recommended it be dismissed for its failure to state a claim. (Doc. 10, pp. 2–4.) Plaintiff did not object to that recommendation. After a *de novo* review of the record, the Court adopted the Magistrate Judge's recommendation and dismissed Plaintiff's case. (Doc. 11; see also doc. 12.) Plaintiff has now filed a document asking the Court to "please reconsider not dismiss case." (Doc. 13, p. 1.)

A motion for reconsideration falls within the purview of either Federal Rule of Civil Procedure 59(e) or 60(b). Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 n.5 (11th Cir. 1993). Under Rule 59(e), "the only grounds for granting a [plaintiff's] motion are newly-discovered evidence or manifest error of law or fact." Jacobs v. Tempur-Pedic

Int'l, Inc., 626 F.3d 1327, 1344 (11th Cir. 2010).   Rule 60(b), on the other hand, enumerates a limited set of circumstances in which a party may seek relief from a final judgment, order, or proceeding: (1) mistake or neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; or (5) the judgment has been satisfied.   See Fed. R. Civ. P. 60(b)(1)–(5).   The rule also contains a "catchall" provision which authorizes relief based on "any other reason that justifies [it]."   Fed. R. Civ. P. 60(b)(6).   However, relief under Rule 60(b)(6) is an "extraordinary remedy which may be invoked only upon a showing of exceptional circumstances," and a party seeking relief must show that, absent such relief, extreme and unexpected hardship will result.   Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984) (citation omitted).   Finally, regardless of which rule applies, motions for reconsideration cannot be used to relitigate issues which have already been found lacking.   Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 957 (11th Cir. 2009).

While Plaintiff has not cited either of these Rules, much less taken the position that one of these Rules specifically supports her motion, the distinction between the two Rules is immaterial in this case.   Plaintiff has not shown—and does not argue—that new evidence, mistake or neglect, manifest error, or exceptional circumstances entitle her to relief.   Moreover, Plaintiff does not indicate that she will suffer "extreme hardship" should her request that her case be reopened be denied.   See, e.g., Griffin, 722 F.2d at 680.   Instead, in her filing, Plaintiff expresses her disagreement with the dismissal and indicates she wishes to further amend her pleading.   (Doc. 13, p. 1.)   Her one-page filing contains limited and conclusory allegations that are very similar to those she asserted in both of her prior defective pleadings.   (Id.)   It does not alter the Court's prior determination that she has failed to state a claim upon which relief may be granted.

Absent a legal basis or evidence to support revisiting previously-decided issues, the Court

discerns no reason to alter its prior decision.    Accordingly, the Court **DENIES** Plaintiff's Motion for Reconsideration.    (Doc. 13).    The Court's previous Order adopting the Report and Recommendation and dismissing the Amended Complaint, (doc. 11), remains the Order of the Court, and this case **REMAINS CLOSED**, (see doc. 12).

       **SO ORDERED**, this 11th day of June, 2026.

 

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA